UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No. **CV 19-8179-MWF (JPR)**          Date: **September 25, 2019**
Title: **Prince L. Jordan et al. v. Marcus Pollard, Warden**[1]

================================================================

**DOCKET ENTRY: Order Dismissing Petition with Leave to Amend**

================================================================

PRESENT:

      **HON. JEAN P. ROSENBLUTH, U.S. MAGISTRATE JUDGE**

| Bea Martinez | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PETITIONER:     ATTORNEYS PRESENT FOR RESPONDENT:
    None present                                          None present

**PROCEEDINGS: (IN CHAMBERS)**

    On September 20, 2019, Prince L. Jordan, proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, ostensibly on behalf of himself and his codefendant at trial, David J. Cash. The Court has no authority to accept or consider the filing submitted by Jordan to the extent it purports to represent Cash's interests. See C.D. Cal. R. 83-2.2.1 (noting that person not represented by counsel may not delegate his representation to any other person).

    Moreover, Jordan did not sign or verify the Petition. (See Pet. at 8.) A "district court may refuse to file, or may dismiss, an unsigned and unverified petition" or "may, if it sees fit, disregard" the defect. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). Because Petitioner has not attested to the facts in the Petition under penalty of perjury, dismissal is appropriate. See, e.g., Gomez v. Macdonald, No. ED CV 13-01367-VBF, 2014 WL 1330528, at *3 (C.D. Cal. Mar. 31, 2014) ("[I]n keeping with the customary practice of judges in this district, the Court will exercise its discretion to dismiss the petition without prejudice due to petitioner's failure to sign and verify the petition."), amended on denial of reconsideration, 2014 WL 4059938 (C.D. Cal. Aug. 14, 2014).

---

[1] Marcus Pollard is substituted in as the correct Respondent. See Fed. R. Civ. P. 25(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.:   **CV 19-8179-MWF (JPR)**                                September 25, 2019
            **Prince L. Jordan et al. v. Marcus Pollard, Warden**             Page 2
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

And although Petitioner ostensibly used the required Central District of California habeas form, see C.D. Cal. R. 83-16.1, he failed to answer some of the questions at all and answered many of the rest, "see attached petition." The attached document, however, appears to be the petition for review he filed with the California Supreme Court following his unsuccessful appeal. That document does not contain all the information necessary to enable the Court to properly screen the Petition.

The Petition is therefore dismissed with leave to amend. The Clerk is directed to provide Petitioner with another copy of the Central District's habeas form when it serves this minute order on him. Any amended petition must be labeled "First Amended Petition" and bear the same case number as the original Petition. Petitioner may file the amended petition on behalf of himself only and not anyone else. He must answer every question on the form completely and fully to the best of his knowledge and must sign the amended petition. It must be complete in and of itself, without reference to any other document, although Petitioner may attach to it any exhibits he believes appropriate.

Petitioner is warned that if he fails to file an amended petition in full compliance with this order by 30 days from the date of it, this action may be dismissed for failure to prosecute. The Court takes no position on whether the Petition or any amended one he may file is timely or otherwise procedurally proper.

cc: Judge Fitzgerald